## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| NAOMI M. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 2:10-CV-200-TFM** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Following administrative denials of applications for disability insurance benefits under Title II of the Social Security Act , 42 U.S.C. §§ 401 *et seq*., Plaintiff Naomi Watson ("Watson") received a requested hearing, represented by counsel, before an administrative law judge ("ALJ"), who rendered an unfavorable decision on January 31, 2008. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"), and this judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c). After careful scrutiny of the record and briefs, the Magistrate Judge AFFIRMS the Commissioner's decision.

## I. ADMINISTRATIVE FINDINGS

On April 6, 2006, Watson filed an application alleging disability since March 1, 2001. Denied administratively and represented by counsel, Watson requested and received a hearing

before an ALJ, who rendered an unfavorable decision.[1]  Sixty-two years old at the time of the hearing, Watson has a GED.[2]

The ALJ found Watson had not engaged in substantial gainful work and has severe impairments-*diabetes mellitus, degenerative joint disease, degenerative disc disease, peripheral vascular disease, hypertension,* and *obesity*-but concluded that Watson's severe impairments, considered singularly or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. §§ 404, Subpart P, Appendix 1.[3]  The ALJ considered the evidence of record and determined that Watson has medically determined impairments, which one would reasonably expect to produce the alleged symptoms.[4]  However, Watson gave written statements in May 2006 that differed considerably from the testimony she provided at the October 16, 2007 video hearing.[5]  The ALJ deemed Watson's testimony from the October 16, 2007 video hearing less credible than the written statements Watson made in May 2006 because the written statements were closer to the time when her insured status expired and, thus, could reasonably be expected to be more accurate.[6]  Further, the ALJ reviewed Watson's medical records to determine whether her impairments functionally restricted her ability to perform work.[7]  Based on these statements and medical records, the ALJ found that Watson retained the residual functional capacity ("RFC") to perform her past relevant work as a sewing machine

---

[1] R. 11.

[2] Plaintiff's Brief ("Pl. Br.") at 3 (filed July 19, 2010).

[3] R. 13-14.

[4] R. 18.

[5] R. 17.

[6] *Id.*

[7] R. 14.

operator/shirt hemmer and/or janitor, which meant that Watson was not disabled with the meaning of the Act. [8]

On January 31, 2008, the ALJ held that Watson was not disabled within the meaning of the Act.[9]  On January 11, 2010, the Social Security Administration Appeals Council denied Watson's request for review.[10]  The Appeals Council's order denying review is a "final decision" of the Commissioner under 42 U.S.C. § 405(g).  This appeal to the United States District Court is timely and proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[11]

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

(1) Is the person presently unemployed?

(2) Is the person's impairment(s) severe?

---

[8] R. 22-23.

[9] R. 23.

[10] Pl. Br. at 2.

[11] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[12]

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability.   A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[13]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  Claimants establish a prima facie case of qualifying disability once they meet the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id.* at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id.*  It also can contain both exertional and nonexertional limitations.  *Id.* at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id.* at 1239.  To do this, the ALJ can

---

[12] This subpart is also referred to as "the Listing of Impairments."

[13] Though a supplemental security income case (SSI), *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), applies the sequential process applicable to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

either use the Medical Vocational Guidelines[14] (grids) or hear testimony from a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

Judicial review of the Commissioner's decision to deny benefits is limited.  The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner.  *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982).  This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied."  *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the substantial evidence supports the Commissioner's decision, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a

---

[14] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The case may be remanded to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences.  *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

In deciding whether the Commissioner erred in denying review of the ALJ's decision, the court also must consider additional evidence considered and made a part of the record by the Appeals Council in denying requested review.  The Appeals Council will review a case if there appears to be an abuse of discretion by the ALJ, if there is an error of law, or if substantial evidence does not support the ALJ's action, findings, or conclusions.  20 C.F.R. § 416.1470; *see also, Parker v. Bowen*, 788 F.2d 1512, 1518 (11th Cir. 1986) (*en banc*).  The Appeals Council's denial of review is subject to judicial review to determine if it is supported by substantial evidence.  *Parker*, 788 F.2d at 1520.

### III. ISSUE

Watson raises one issue for review:

1.      Whether the Court should reverse the Commissioner because the ALJ's RFC finding is not support by substantial evidence.

6

# IV. DISCUSSION

To determine disability, the Social Security Regulations require a five-step sequential evaluation process.  20 C.F.R. § 404.1520(a).  These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

While her arguments somewhat overlap, Watson essentially argues two points as to why the ALJ's RFC finding lacks the substantial evidence.  First, Watson argues that because the ALJ did not obtain a physical capabilities evaluation from a treating or examining physician to determine RFC the decision lacks the requisite substantial evidentiary support.[15]  Secondly, Watson asserts that the ALJ dismissed the only assessment of her physical capabilities provided by a non-examining State Agency medical consultant ("Robert Harris") who indicated that her physical capabilities were limited to light work.[16]

As support, Watson cites *Coleman v. Barnhart*, 264 F. Supp.2d 1007 (S.D. Ala. 2003) and *Doss v. Astrue*, Case No. CA 07-0375-C, 2007 WL 4570551 (S.D. Ala. Dec. 20, 2007).  In *Coleman*, the Court found that the Commissioner did not meet its fifth-step burden because there was no RFC assessment from a treating or examining physician.[17]  In *Doss*, the court held that when the ALJ rejects the only physical RFC assessment in the record, and the ALJ does not use a physical capacities evaluation to support his fifth-step determination his decision lacks

---

[15] Pl. Br. at 7.

[16]*Id.*

[17] *Coleman v. Barnhart*, 264 F. Supp.2d 1007, 1010 (S.D. Ala. 2003).

substantial evidence to withstand review.  The court concluded that the ALJ did not establish his

fifth-step burden of proving that the claimant was capable of performing other work.[18]

RFC is what the claimant is still able to do despite his impairments and is based on all

relevant medical and other evidence.  *See Phillips v. Barnhart,* 357 F.3d 1232, 1237-39 (11th

Cir.2004).  It also can contain both exertional and nonexertional limitations.  *Id.*  Assessment of

RFC falls squarely within the ALJ's province.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.

1997).  It requires, in essence, a function-by-function assessment of a claimant's ability to

perform work-related activities "on a regular and continuing basis."  20 C.F.R. § 404.1567(b).

The ALJ has the duty to develop the record fully and fairly.  *See, e.g., Wilson v. Apfel,*

179 F.3d 1276, 1278 (11th Cir.1999) (citing *Graham v. Apfel,* 129 F.3d 1420, 1422-1423 (11th

Cir.1997)); *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir.1981).  Here, there was substantial

evidence in the record to allow the ALJ to make an informed decision.  The ALJ had and

considered numerous medical reports from treating physicians spanning a 4-year period and had

numerous results from medical tests conducted by Watson's treating physicians.  None of the

doctor reports put functional limitations upon Watson.  Further the ALJ had and considered

disability reports, supplemental disability outlines, and questionnaires completed by Watson.

Additionally, there was a transcript from a hearing where the ALJ and her attorney questioned

Watson about her ability to work.  The record contains substantial evidence to support the ALJ's

decision.  Watson had the burden of producing evidence that she was disabled, not the ALJ.  *See*

*Griffin v. Astrue*, 2010 WL 1905031 (M.D. Ala. May 12, 2010).  Furthermore, while the ALJ did

not mention the report from Robert Harris, the non-examining State Agency Medical consultant,

---

[18] *Id.* at 8.

in his decision, the Harris report is not helpful to Watson.  Harris found that the medical evidence did not support Watson's subjective statements about her symptoms or functional limitations and her claims were only partially credible in this respect.[19]  Watson did not show that a reasonable person could not come to a similar conclusion.

It is also well established that the ALJ's credibility findings are to be given deference. See Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984).  The ALJ did not find that Watson's testimony regarding the limiting effects of her impairments or the strength requirements of her past employment as a sewing machine operator as credible.[20]  While the ALJ did find that Watson's impairments could cause the symptoms she alleges, the ALJ did not find Watson credible as to the intensity, persistence, and limiting effects of the symptoms based upon her initial statement in May 2006 that Watson cooks, cleans, shops, and was, in general, "very busy taking care of my family."[21]

Additionally, both cases cited by Watson are distinguishable from her action.  In Coleman and Doss, the ALJ found that the claimant was not able to perform her past relevant work.  Coleman, 264 F. Supp.2d  at 1009; Doss, Case No. CA 07-0375-C, 2007 WL 4570551 *3. In this case, the ALJ determined at step four of the sequential evaluation process that Watson was capable of performing her past relevant work.[22]  According to the Social Security Administration (SSA) regulations, should the SSA determine that the claimant has the RFC to do past relevant work, then, the regulations state that the claimant is not disabled and vocational

---

[19]R. 379.

[20] R. 17.

[21]R. 16 & 18.

[22] R. 15.

factors (age, education, and work experience or significant amount of your past relevant work available in the national economy) will not be considered.  20 C.F.R. § 404.1560(b)(3).  The regulations require the ALJ to provide evidence that a significant amount of jobs exist in the national economy that claimant is capable of given his/her RFC, age, education, and work experience only if the claimant's RFC does not enable them to perform past relevant work.  20 C.F.R. § 404.1560(c).  In this instance, the ALJ found Watson was capable of performing past relevant work.  By definition, a person who can perform past relevant work is not disabled under the Act.  The disability inquiry is complete if the answer at step four is yes.  The ALJ had no burden placed upon him to prove that a significant number of jobs exists because Watson did not prove that she is disabled.  The ALJ had substantial evidence to find Watson has the RFC to engage in substantial gainful activity.

## V. CONCLUSION

Based on the findings and conclusions detailed in this *Memorandum Opinion*, the court finds the decision of the ALJ supported by substantial evidence and a proper application of the law.  Accordingly, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment is entered herewith.

Done this 11th day of February, 2011.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE